UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOSE A. MORALES,
and other similarly situated individuals,

    Plaintiff (s),

v.

GAVA INTERNATIONAL FREIGHT
CONSOLIDATORS (U.S.A.), INC.,
and MASSIMO CACACE, individually,

    Defendants,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JOSE A. MORALES, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants GAVA INTERNATIONAL FREIGHT CONSOLIDATORS (U.S.A.), INC., and MASSIMO CACACE, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"),

2. Plaintiff JOSE A. MORALES is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff was a covered employee for purposes of the Act.

3. Defendant GAVA INTERNATIONAL FREIGHT CONSOLIDATORS (U.S.A.), INC. (hereinafter GAVA INTERNATIONAL, or Defendant) is a foreign profit corporation, authorized to perform business in Florida. Defendant has a place of business in Miami-

Dade County, Florida. At all times, Defendant was and is engaged in interstate commerce within the meaning of the FLSA.

4. The individual Defendant MASSIMO CACACE was and is now the owner/partner/officer and manager of Defendant Corporation GAVA INTERNATIONAL. Defendant MASSIMO CACACE is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Defendant GAVA INTERNATIONAL is an international freight forwarder providing logistics services to companies engaged in interstate commerce. Defendant operates the facility located at 1611-1621 NW 82nd Avenue, Miami, Florida, 33126, where Plaintiff worked.

7. Defendants GAVA INTERNATIONAL and MASSIMO CACACE employed Plaintiff JOSE A. MORALES as a non-exempted, full-time, hourly employee from approximately August 01, 2019, to September 10, 2021, or 110 weeks.

8. Plaintiff had duties as a warehouse employee. During his employment with Defendants, Plaintiff was paid at different wage rates. However, Plaintiff's last wage rate was $18.00 an hour.

9. Plaintiff performed the same duties as many others similarly situated employees, which consisted of general warehouse work, such as receiving cargo, counting pieces, organizing merchandise in the racks, pulling orders, palletizing, shrink wrapping, moving cargo around the warehouse, cleaning, disposing of garbage, etc. Plaintiff never performed

activities affecting the safety of the operation of motor vehicles. Plaintiff never exercised any discretion or judgment in any planning, building, placing, distribution, or balancing any pallet, container, or loose cargo. Plaintiff never performed activities affecting the safety of the operation of motor vehicles.

10. Plaintiff worked under the supervision of G.M. Massimo Cacace, Warehouse Manager Eva Olivero, and Supervisors Felipe LNU and Javier LNU.

11. During his employment with Defendants, Plaintiff JOSE A. MORALES had an irregular schedule. He worked 5 days per week from Monday to Friday from 9:00 AM to 7:00, 8:00, 9:00, or 10:00 PM. Plaintiff did not have a fixed clock-out time, but he estimates that he worked a minimum average of 55 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime weekly. (30 minutes x 5 days= 2.5 hours weekly).

12. Plaintiff always worked more than 40 hours, but he was not paid correctly for his overtime hours. Defendants paid to Plaintiff bi-weekly for 40 regular hours. Once per month, with a separate check, Defendants paid Plaintiff an undetermined number of overtime hours. Defendants paid overtime hours using a rate lower than Plaintiff's regular rate.

13. Plaintiff never agreed with the rate and the number of overtime hours paid to him because Defendants paid some overtime hours at a lower rate, and they did not pay him for all his overtime hours. There is a substantial number of overtime hours that were not paid at any rate, not even the minimum wage rate.

14. Plaintiff clocked in and out, and Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in

violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

16. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked, the wage rate paid, etc.

17. Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours. Plaintiff will use an average of 55 working hours weekly and a wage rate of $18.00 an hour. After proper discovery, Plaintiff will adjust his statement of claim to deduct any payment received for overtime hours.

18. Plaintiff was not in agreement with the rate and number of overtime hours paid to him, and he complained multiple times to G.M. MASSIMO CACACE.

19. As a result of Plaintiff's complaints, on or about September 10, 2021, Defendants fired Plaintiff using a pretextual reason.

20. Plaintiff JOSE A. MORALES seeks to recover unpaid half-time hours, overtime hours that were not paid, at any rate, retaliatory damages, liquidated damages, and any other relief, as allowable by law.

21. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

22. Plaintiff JOSE A. MORALES re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff JOSE A. MORALES as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after August 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. At all times pertinent to this Complaint, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). the Employer/Defendant operates as a freight forwarding company that sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a warehouse worker who was directly engaged in interstate commerce by handling and

shipping merchandise to out-of-state locations. Thus, Plaintiff was a covered employee for the purpose of the Act. Therefore, there is FLSA individual coverage.

26. Defendants GAVA INTERNATIONAL and MASSIMO CACACE employed Plaintiff JOSE A. MORALES, as a non-exempted, full-time, hourly employee from approximately August 01, 2019, to September 10, 2021, or 110 weeks.

27. While employed by Defendants, Plaintiff was paid at different wage rates. Plaintiff's last wage rate was $18.00 an hour.

28. Plaintiff had duties as a warehouse employee. Plaintiff performed the same duties as many others similarly situated employees, which consisted of general warehouse work. Plaintiff never performed activities affecting the safety of the operation of motor vehicles.

29. Plaintiff worked under the supervision of G.M. Massimo Cacace, Warehouse Manager Eva Olivero and Supervisors Felipe LNU and Javier LNU.

30. During his employment with Defendants, Plaintiff JOSE A. MORALES had an irregular schedule. He worked 5 days per week from Monday to Friday, a minimum average of 55 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime weekly. (30 minutes x 5 days= 2.5 hours weekly).

31. Plaintiff always worked more than 40 hours, but he was not paid correctly for his overtime hours. Defendants paid to Plaintiff bi-weekly for 40 regular hours. Once per month, with a separate check, Defendants paid Plaintiff an undetermined number of overtime hours. Defendants paid overtime hours using a rate lower than Plaintiff's regular rate.

32. Plaintiff never agreed with the rate and the number of overtime hours paid to him because Defendants paid for some overtime hours at a lower rate, but they did not pay him for all

his overtime hours.  There is a substantial number of overtime hours that were not paid to him at any rate, not even the minimum wage rate.

33. Plaintiff clocked in and out, and Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

35. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked, the wage rate paid, etc.

36. Plaintiff is not in possession of time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours. Plaintiff is going to use an average of 55 working hours weekly and a wage rate of $18.00 an hour. After proper discovery, Plaintiff will adjust his statement of claim to deduct any payment received for overtime hours.

37. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that these amounts are based on a preliminary calculation based on a wage rate of $18.00. However, these figures are subjected to modifications. After discovery, Plaintiff will adjust his statement of claim to deduct any payment received as O/T.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Forty-Four Thousand Five Hundred Fifty Dollars and 00/100 ($44,550.00)

    b. <u>Calculation of such wages</u>:

    Total time of Employment: 110 weeks
    Relevant weeks of employment: 110 weeks
    Total number of hours worked: 55 hours weekly average
    Total overtime hours: 15 weekly average
    Regular wage rate: $18.00 an hour x 1.5=$27.00 O/T rate

    O/T rate $27.00 x 15 O/T hours=$405.00 weekly x 110 weeks=$44,550.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid overtime wages.

40. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

42. At times mentioned, individual Defendant MASSIMO CACACE was and is now the owner/partner and manager of GAVA INTERNATIONAL. Defendant MASSIMO

CACACE was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in GAVA INTERNATIONAL's interests concerning its employees, including Plaintiff and others similarly situated. Defendant MASSIMO CACACE had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

43. Defendants GAVA INTERNATIONAL and MASSIMO CACACE willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JOSE A. MORALES and other similarly situated individuals and against the Defendants GAVA INTERNATIONAL and MASSIMO CACACE, on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JOSE A. MORALES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interests; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### JURY DEMAND

Plaintiff JOSE A. MORALES demands trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AGAINST ALL DEFENDANTS

45. Plaintiff JOSE A. MORALES re-adopts every factual allegation stated in paragraphs 1-21 of this Complaint as if set out in full herein.

46. Defendant GAVA INTERNATIONAL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is an international freight forwarder. The Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

47. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a warehouse worker who was directly engaged in interstate commerce by handling and shipping merchandise out of state locations. Thus, Plaintiff was a covered employee for the purpose of the Act. Therefore, there is FLSA individual coverage.

48. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

50. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51. Defendants GAVA INTERNATIONAL and MASSIMO CACACE employed Plaintiff JOSE A. MORALES as a non-exempted, full-time, hourly employee from approximately August 01, 2019, to September 10, 2021, or 110 weeks.

52. While employed by Defendants, Plaintiff was paid at different wage rates. Plaintiff's last wage rate was $18.00 an hour.

53. Plaintiff had duties as a warehouse employee. Plaintiff performed the same duties as many others similarly situated employees, which consisted of general warehouse work. Plaintiff never performed activities affecting the safety of the operation of motor vehicles.

54. During his employment with Defendants, Plaintiff JOSE A. MORALES had an irregular schedule. He worked 5 days per week from Monday to Friday, a minimum average of 55 hours weekly. Plaintiff has already deducted 2.5 hours of lunchtime weekly. (30 minutes x 5 days= 2.5 hours weekly).

55. Plaintiff always worked more than 40 hours, but he was not paid correctly for his overtime hours. Defendants paid to Plaintiff bi-weekly for 40 regular hours. Once per month, with

a separate check, Defendants paid Plaintiff an undetermined number of overtime hours. Defendants paid overtime hours using a rate lower than Plaintiff's regular rate.

56. Plaintiff never agreed with the rate and the number of overtime hours paid to him because Defendants paid for some overtime hours at a lower rate, but they did not pay him for all his overtime hours. There is a substantial number of overtime hours that were not paid to him at any rate, not even at the minimum wage rate.

57. Plaintiff clocked in and out, and Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

58. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

59. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked, the wage rate paid, etc.

60. Plaintiff was not in agreement with the rate and number of overtime hours paid to him, and he complained multiple times to G.M. MASSIMO CACACE.

61. Plaintiff complained to MASSIMO CACACE about missing payment for overtime hours and about the incorrect overtime rate on or about July 30, August 16, and August 30, 2021. Plaintiff always received the same answer: "We do not pay overtime here. If you do not like it, you can leave".

62. These complaints constituted protected activity under the Fair Labor Standards Act.

63. As a result of Plaintiff's complaints, Defendants fired Plaintiff using a pretextual reason on or about September 10, 2021.

64. On September 10, 2021, Plaintiff asked for permission to take a COVID-19 test early in the morning. When Plaintiff showed up for work, supervisor Javier LNU, humiliated and fired Plaintiff alleging that they did not want sick people in the workplace.

65. Plaintiff complained to MASSIMO CACACE about his unfair termination, but MASSIMO CACACE endorsed Plaintiff's termination.

66. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

67. There is proximity between Plaintiff's protected activity and his termination.

68. The Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

69. At times mentioned, individual Defendant MASSIMO CACACE was and is now the owner/partner and manager of GAVA INTERNATIONAL. Defendant MASSIMO CACACE was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in GAVA INTERNATIONAL's interests concerning its employees, including Plaintiff and others similarly situated.  Defendant MASSIMO CACACE had financial and operational control of the business, provided Plaintiff with his work schedule, and is jointly and severally liable for Plaintiff's damages.

70. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE A. MORALES respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against the Defendants GAVA INTERNATIONAL and MASSIMO CACACE, that Plaintiff recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants GAVA INTERNATIONAL and MASSIMO CACACE to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOSE A. MORALES further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JOSE A. MORALES demands trial by a jury of all issues triable as of right by a jury.

Dated:  October 19, 2021

Respectfully submitted,

By: __/s/ **Zandro E. Palma**__
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:    (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*